UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KEVIN BEAUREGARD | * | CIVIL ACTION |
| | * | |
| | * | NUMBER 21-cv-0868 |
| VERSUS | * | |
| | * | SECTION M |
| CHRISTOPHER BREAUX; KAYLA ENGLISH; | * | Judge Ashe |
| TIMOTHY KENNEDY; ROLAND KINDELL; | * | |
| ARTHUR LAWSON; and JOHN DOE OFFICERS | * | MAGISTRATE 5 |
| OF THE GRETNA POLICE DEPARTMENT | * | Magistrate North |
| *   *   *   *   *   *   *   * | * | |

ANSWER TO COMPLAINT ON
BEHALF OF DEFENDANTS, CHRISTOPHER BREAUX,
KAYLA ENGLISH, TIMOTHY KENNEDY,
ROLAND KINDELL, AND ARTHUR LAWSON

NOW INTO COURT, through undersigned counsel, come defendants, CHRISTOPHER BREAUX, KAYLA ENGLISH, TIMOTHY KENNEDY, ROLAND KINDELL, AND ARTHUR LAWSON [collectively hereafter referred to as "Gretna Defendants"], and in response to the Complaint filed on behalf of the plaintiff, KEVIN BEAUREGARD ("Plaintiff"), with respect represent and plead as follows:

FIRST DEFENSE

Plaintiff's complaint fails to state a claim for which this Court may grant relief.

SECOND DEFENSE

The Gretna Defendants are entitled to both absolute and qualified immunity.

## THIRD DEFENSE

Any and all actions by the Gretna Defendants were reasonable under the circumstances, therefore plaintiff's Complaint does not support any type of supervisory liability, municipal liability, or Monell claim.

## FOURTH DEFENSE

Any and all actions by the Gretna Defendants were reasonable under the circumstances and do not support any claim under the theory of respondeat superior.

## FIFTH DEFENSE

The Plaintiff is barred from recovery against the Gretna Defendants either completely, or partially, by the comparative fault, negligence or intentional actions of the Plaintiff, and any alleged injuries sustained as a result of the allegations presented (which are denied) are solely attributable to the fault of Plaintiff, or third parties over whom the Gretna Defendants exercise no authority or control and for whose actions defendants are not legally responsible.

## SIXTH DEFENSE

Plaintiff is barred from any recovery against the Gretna Defendants because the injuries and/or damages complained of (but denied) were not caused by the Gretna Defendants.

## SEVENTH DEFENSE

The Gretna Defendants affirmatively plead that any and all damages sustained

by the plaintiff (which are denied) as the result of any claim of alleged violation of any law, by any defendant, were not caused by any negligence or other fault of these defendants, but rather were caused by the negligence and fault of the plaintiff or of third parties for whom Gretna Defendants are not responsible.

## EIGHTH DEFENSE

In the event this Court finds any negligence and/or other fault on the part of any of the Gretna Defendants, which is specifically denied, the Gretna Defendants aver that the negligence and/or intentional actions of the Plaintiff, were the sole cause in fact, or were a substantial contributing cause, of the injuries and/or damages, which must be considered in the assessment and apportionment of damages.

## NINTH DEFENSE

The Gretna Defendants assert that the claims herein are frivolous and/or unreasonable and as such the defendants are entitled to an award against the Plaintiff for all attorney's fees and costs expended in this matter pursuant to 42 USC § 1988.

## TENTH DEFENSE

The Gretna Defendants plead the affirmative defense of the sole fault of the Plaintiff, or alternatively, the comparative fault of the Plaintiff, including but not limited to the actions of the Plaintiff in failing to cooperate with police requests and/or failing to peacefully submit to a lawful arrest as required by law, and/or in failing to obey officer commands and resisting arrest and battering one or more of the Gretna Defendants.

ELEVENTH DEFENSE

The Gretna Defendants specifically plead any and all immunities, including, but not limited to, R.S. 9:2798.1; qualified immunity as provided by state and federal law; immunity as provided by Louisiana Criminal Law and Louisiana Code of Criminal Procedure, including, but not limited to article 220, and all limitations of suits afforded them by statute, jurisprudence or otherwise by law.  Specifically, the Gretna Defendants assert all "good faith" immunities available to them.

TWELFTH DEFENSE

The Gretna Defendants specifically plead and invoke, to the extent applicable, the Louisiana Governmental Claims Act (R.S. 13:2501, et seq.), specifically including the limitation of liability contained therein, as well as all other statutory and jurisprudential limitation of liability, costs, and interest available by law.

THIRTEENTH DEFENSE

The allegations of Plaintiff, even if proven, which are denied, do not show the deprivation of any protected state or federal constitutional right.

FOURTEENTH DEFENSE

To the extent Plaintiff's Complaint includes any allegations, or claim of, punitive damages, which are expressly denied, the allegations set forth in the Complaint do not support a claim for punitive damages. To the extent Plaintiff's Complaint includes any allegations, or claim of, punitive damages against any individual, or individual officer,

such defendant or defendants raise the defense of inability to pay.

And now, the Gretna Defendants answer the specific allegations of the Complaint as follows to-wit:

### 1.

The allegations of paragraph 1 of the complaint are denied and strict proof thereof is required. The allegations are further denied as requiring a legal conclusion. Further answering, at all material times the defendants acted properly and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

### 2.

It is admitted that the plaintiff was lawfully arrested and taken into custody, the remaining allegations of paragraph 2 of the complaint are denied and strict proof thereof is required.

### 3.

The allegations of paragraph 3 are denied and strict proof thereof is required. Further answering, at all material times the defendants acted properly and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

### 4.

The allegations of paragraph 4 of the complaint are denied and strict proof thereof is required. Further answering, at all material times the defendants acted properly and in accordance with applicable state and federal laws, and the U.S. and Louisiana

Constitutions.

5.

The allegations of paragraph 5 of the complaint are denied and strict proof thereof is required.  Further answering, the plaintiff resisted multiple officers, acted aggressively and resisted the officers' attempts to restrain him, and he battered one or more officers. Further answering, at all material times the defendants acted properly and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

6.

The allegations of paragraph 6 of the complaint are denied.  Further answering, the plaintiff resisted multiple officers, acted aggressively and resisted the officers' attempts to restrain him, and he battered one or more officers.  Further answering, at all material times the defendants acted properly and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

7.

The allegations of paragraph 7 of the complaint are denied and strict proof thereof is required.

8.

The allegations of paragraph 8 of the complaint are denied and strict proof thereof is required.  The allegations are further denied as requiring a legal and factual conclusion. Further answering, at all material times the defendants acted properly and in accordance

with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

9.

The allegations of paragraph 9 of the complaint regarding the alleged "beating" are denied. The remaining allegations of paragraph 9 do not require a response from the Gretna Defendants, to the extent a response is deemed required, the allegations are denied.

10.

The allegations of paragraph 10 do not require a response from the Gretna Defendants, to the extent a response is deemed required, the allegations are denied.

11.

The allegations of paragraph 11 do not require a response from the Gretna Defendants, to the extent a response is deemed required, the allegations are denied.

12.

The allegations of paragraph 12 do not require a response from the Gretna Defendants, to the extent a response is deemed required, the allegations are denied.

13.

The allegations of paragraph 13 regarding alleged abuse by the Gretna Defendants are denied. The remaining allegations of paragraph 9 do not require a response from the Gretna Defendants, to the extent a response is deemed required, the allegations are denied.

14.

The allegations of paragraph 14 are denied as requiring a legal and factual conclusion.  The allegations regarding alleged "racially motivated misconduct and violence" are specifically denied.  Further answering, at all material times the defendants acted properly and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

15.

Paragraph 15 of the complaint does not require an answer by the Gretna Defendants.  To the extent an answer is deemed required, the allegations are denied as requiring a legal conclusion.

16.

Paragraph 16 of the complaint does not require an answer by the Gretna Defendants.  To the extent an answer is deemed required, the allegations are denied as requiring a legal conclusion.

17.

The allegations of paragraph 17 of the complaint does not require an answer by the Gretna Defendants.  To the extent an answer is deemed required, the allegations are denied as requiring a legal conclusion.

18.

The allegations of paragraph 18 of the complaint do not require a response by the

Gretna Defendants.  To the extent a response is deemed required, the allegations, if they were true, would have occurred in this judicial district.

19.

The allegations of paragraph 19 do not require a response from the Gretna Defendants.  To the extent a response is deemed required, the allegations are denied for lack of information sufficient to justify a belief therein.

20.

The allegations of paragraph 20 of the complaint are admitted as to the employment and  legal status of the defendant, Christopher Breaux.

21.

The allegations of paragraph 21 of the complaint are admitted as to the employment and legal status of the defendant, Kayla English.

22.

The allegations of paragraph 22 of the complaint are admitted as to the employment and legal status of the defendant, Timothy Kennedy.

23.

The allegations of paragraph 23 of the complaint are admitted as to the employment and legal status of the defendant, Roland Kindell.

24.

The allegations of paragraph 24 do not require a response from the Gretna

Defendants.  To the extent a response is deemed required, the allegations are denied.

25.

The allegations of paragraph 25 are denied and strict proof thereof is required. The allegations are further denied as requiring a legal and factual conclusion.  It is admitted that at all relevant times, the defendants were acting in their capacities as officers of the Gretna Police Department but at all material times the defendants acted properly and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

26.

The allegations of paragraph 26 are denied as requiring a legal conclusion.   The Gretna Defendants further deny that they ever used any intentionally excessive or unreasonable force against the Plaintiff or that they committed any unconstitutional or tortious conduct.  Further answering, at all material times the defendants acted properly and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

27.

The allegations of paragraph 27 are admitted as to the position and legal status of Arthur Lawson.  The remaining allegations are denied as requiring a legal conclusion.

28.

The allegations of paragraph 28 are denied as written and are denied for lack of

information sufficient to justify a belief therein.  It is specifically denied that the vehicle being operated by the plaintiff was in normal operating condition.  A traffic stop of the plaintiff's vehicle was conducted due to a malfunctioning driver's side head lamp.

29.

The allegations of paragraph 29 are admitted, it is admitted that Officer English conducted a lawful traffic stop of the plaintiff's vehicle due to a malfunctioning driver's side head lamp.

30.

The allegations of paragraph 30 are denied.

31.

The allegations of paragraph 31 of the complaint are admitted.   Further answering, after approaching the plaintiff's vehicle and speaking with the plaintiff, Officer English smelled the strong odor of marijuana emitting from the plaintiff's vehicle.

32.

The allegations of paragraph 32 of the complaint are denied.

33.

The allegations of paragraph 33 of the complaint are denied.  Further answering, after admitting to possession marijuana, Officer English ordered the plaintiff from the vehicle, conducted a pat down for officer safety. Officer English then placed the plaintiff in handcuffs and put him in the rear of her police unit.

34.

The allegations of paragraph 34 of the complaint are denied as written.  Further answering, after admitting to possession marijuana, Officer English ordered the plaintiff from the vehicle, conducted a pat down for officer safety. Officer English then placed the plaintiff in handcuffs and put him in the rear of her police unit.

35.

The allegations of paragraph 35 are denied. Further answering, at all material times the defendants acted properly, with sufficient probable cause, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

36.

The allegations of paragraph 36 of the complaint are denied for lack of information sufficient to justify a belief therein.

37.

The allegations of paragraph 37 of the complaint are denied for lack of information sufficient to justify a belief therein.

38.

The allegations of paragraph 38 of the complaint are denied and strict proof thereof is required.

39.

The allegations of paragraph 39 regarding the search of the vehicle being

conducted by Officer English are admitted.  Further answering, Officer English searched the plaintiff's vehicle and located a red drawstring bag which contained a black .9mm pistol with a loaded magazine containing 22 live .9mm rounds and a clear plastic bag containing approximately 7 grams of marijuana.   At all material times the defendants acted properly, with sufficient probable cause, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

40.

The allegations of paragraph 40 are admitted.    At all material times the defendants acted properly, with sufficient probable cause, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

41.

The allegations of paragraph 41 of the complaint are denied.

42.

The allegations of paragraph 42 of the complaint are denied.

43.

The allegations of paragraph 43 are admitted in part.  After the search of his vehicle, the plaintiff was properly and lawfully placed under arrest and transported to the Gretna Police Department.

44.

The allegations of paragraph 44 are denied as written.  It is admitted that Officer

English transported the plaintiff to the Gretna Police Department.

45.

The allegations of paragraph 45 are denied.

46.

The allegations of paragraph 46 of the complaint are denied and strict proof thereof is required.  Further answering, the plaintiff was read his miranda rights by Officer English and the plaintiff waived his rights.  At all material times the defendants acted properly, with sufficient probable cause, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

47.

The allegations of paragraph 47 of the complaint are denied.  Further answering, due to his arrest, the plaintiff's vehicle was towed from the scene.

48.

The allegations of paragraph 48 are denied.  Further answering, Officer English obtained a valid and lawful search warrant to search the plaintiff's hotel room.  At all material times the defendants acted properly, with sufficient probable cause, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

49.

The allegations of paragraph 49 are denied.  Further answering, Officer English

obtained a valid and lawful search warrant to search the plaintiff's hotel room.  At all material times the defendants acted properly, with sufficient probable cause, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

50.

The allegations of paragraph 50 of the complaint are denied.

51.

The allegations of paragraph 51 are admitted.  Further answering, Officer English obtained a valid and lawful search warrant to search the plaintiff's hotel room.  At all material times the defendants acted properly, with sufficient probable cause, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

52.

The allegations of paragraph 52 are denied as written.  Further answering, it is admitted that the plaintiff was placed into a holding room and his left arm was handcuffed to a portion of the bench due to the fact he had a cast on his right arm. Further answering, and at all material times the defendants acted properly, with sufficient probable cause, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

53.

The allegations of paragraph 53 are denied.  It is admitted that after executing the search warrant at the plaintiff's hotel room and conducting a full search of the room, Officer English located an amber pill bottle containing approximately 7.5 grams of marijuana, two additional .9mm magazines, one containing 35 .9mm rounds and the other containing 17 .9mm rounds.  In addition Officer English also located a black metal lockbox containing a large amount of cash and a large bag containing approximately 28.5 grams of marijuana.

54.

The allegations of paragraph 54 are denied and strict proof thereof is required. At all times, the defendants  acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

55.

The allegations of paragraph 55 are denied.  Further answering, Officer English read the plaintiff his miranda rights upon transporting him to the Gretna Police Department.  At all times, the defendants  acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

56.

The allegations of paragraph 56 are denied.  Further answering, after complaining

of trouble breathing and requesting Emergency Medical Services and having his handcuffs removed, the plaintiff became irate and aggressive, began yelling at the officers, began kicking, flailing his arms and legs, and he battered one or more officers. The plaintiff then refused the officers' commands and resisted the officers' attempts to re-secure his hands.  After a brief struggle, the officers were able to re-secure the plaintiff's hands.  At all times, the defendants  acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

57.

The allegations of paragraph 57 of the complaint are denied.

58.

The allegations of paragraph 58 are denied as written.  Further answering, after complaining of trouble breathing and requesting Emergency Medical Services and having his handcuffs removed, the plaintiff became irate and aggressive, began yelling at the officers, and began kicking, flailing his arms and legs, and he battered one or more officers.  The plaintiff then refused the officers' commands and resisted the officers' attempts to re-secure his hands.  After a brief struggle, the officers were able to re-secure the plaintiff's hands.  At all times, the defendants  acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

59.

The allegations of paragraph 59 of the complaint are denied.  Further answering, after complaining of trouble breathing and requesting Emergency Medical Services and having his handcuffs removed, the plaintiff became irate and aggressive, began yelling at the officers, and began kicking, flailing his arms and legs, and he battered one or more officers.  The plaintiff then refused the officers' commands and resisted the officers' attempts to re-secure his hands.  After a brief struggle, the officers were able to re-secure the plaintiff's hands.  At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

60.

The allegations of paragraph 60 of the complaint are denied.  Further answering, after complaining of trouble breathing and requesting Emergency Medical Services and having his handcuffs removed, the plaintiff became irate and aggressive, began yelling at the officers, and began kicking, flailing his arms and legs, and he battered one or more officers.  The plaintiff then refused the officers' commands and resisted the officers' attempts to re-secure his hands.  After a brief struggle, the officers were able to re-secure the plaintiff's hands.  At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

61.

The allegations of paragraph 61 of the complaint are denied.  Further answering, after complaining of trouble breathing and requesting Emergency Medical Services and having his handcuffs removed, the plaintiff became irate and aggressive, began yelling at the officers, and began kicking, flailing his arms and legs, and he battered one or more officers.  The plaintiff then refused the officers' commands and resisted the officers' attempts to re-secure his hands.  After a brief struggle, the officers were able to re-secure the plaintiff's hands.  At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

62.

The allegations of paragraph 62 of the complaint are denied.  Further answering, after complaining of trouble breathing and requesting Emergency Medical Services and having his handcuffs removed, the plaintiff became irate and aggressive, began yelling at the officers, and began kicking, flailing his arms and legs, and he battered one or more officers.  The plaintiff then refused the officers' commands and resisted the officers' attempts to re-secure his hands.  After a brief struggle, the officers were able to re-secure the plaintiff's hands.  At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

63.

The allegations of paragraph 63 do not require a response from the Gretna Defendants. To the extent a response is deemed required, the allegations are denied. At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

64.

The allegations of paragraph 64 are denied. Further answering, it is denied that Officer Kindell or any officer choked the plaintiff, or otherwise employed excessive or unreasonable force at any time. At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

65.

The allegations of paragraph 65 are denied. Further answering, it is denied that any of the Gretna Defendants employed excessive or unreasonable force at any time. After complaining of trouble breathing and requesting Emergency Medical Services, and having his handcuffs removed, the plaintiff became irate and aggressive, began yelling at the officers, and began kicking, flailing his arms and legs, and he battered one or more officers. The plaintiff then refused the officers' commands and resisted the officers' attempts to re-secure his hands. After a brief struggle, the officers were able to re-secure the plaintiff's hands. At all times, the defendants acted objectively reasonably, properly,

and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

66.

The allegations of paragraph 66 are denied.  Further answering, it is denied that any of the Gretna Defendants employed excessive or unreasonable force at any time. After complaining of trouble breathing and requesting Emergency Medical Services, and having his handcuffs removed, the plaintiff became irate and aggressive, began yelling at the officers, and began kicking, flailing his arms and legs, and he battered one or more officers.  The plaintiff then refused the officers' commands and resisted the officers' attempts to re-secure his hands.  After a brief struggle, the officers were able to re-secure the plaintiff's hands.  At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

67.

The allegations of paragraph 67 of the complaint are denied.  Further answering, it is denied that any of the Gretna Defendants employed excessive or unreasonable force at any time.  At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

68.

The allegations of paragraph 68 of the complaint are denied.  Further answering, it is denied that any of the Gretna Defendants employed excessive or unreasonable force at any time.  At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

69.

The allegations of paragraph 69 of the complaint are denied.  Further answering, it is denied that any of the Gretna Defendants employed excessive or unreasonable force at any time.  At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

70.

The allegations of paragraph 70 are denied.  After complaining of trouble breathing and requesting Emergency Medical Services, and having his handcuffs removed, the plaintiff became irate and aggressive, began yelling at the officers, and began kicking, flailing his arms and legs, and he battered one or more officers.  The plaintiff then refused the officers' commands and resisted the officers' attempts to re-secure his hands.  After a brief struggle, the officers were able to re-secure the plaintiff's hands.  At all times, the defendants acted objectively reasonably, properly, and in

accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

71.

The allegations of paragraph 71 are denied and strict proof thereof is required. Further answering, it is specifically denied that the plaintiff complained of any pain or injury upon presentation to the Jefferson Parish Correctional Center.

72.

The allegations of paragraph 72 are denied for lack of sufficient information to justify a belief therein.

73.

The allegations of paragraph 73 are denied and strict proof thereof is required. It specifically denied that the plaintiff sustained any injury.  Further answering, Further answering, it is denied that any of the Gretna Defendants employed excessive or unreasonable force at any time.   At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

74.

The allegations of paragraph 74 are denied for lack of information sufficient to justify a belief therein.  It is specifically denied that the plaintiff sustained any injury. Further answering, Further answering, it is denied that any of the Gretna Defendants

employed excessive or unreasonable force at any time.   At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

75.

The allegations of paragraph 75 are denied for lack of information sufficient to justify a belief therein.  It is specifically denied that the plaintiff sustained any injury. Further answering, it is denied that any of the Gretna Defendants employed excessive or unreasonable force at any time.   At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

76.

The allegations contained in paragraph 76 are denied for lack of information sufficient to justify a belief therein and strict proof thereof is required.

77.

The allegations contained in paragraph 77 are denied for lack of information sufficient to justify a belief therein and strict proof thereof is required.

78.

The allegations contained in paragraph 78 are denied for lack of information sufficient to justify a belief therein and strict proof thereof is required.

79.

The allegations contained in paragraph 79 are denied for lack of information sufficient to justify a belief therein and strict proof thereof is required.

80.

The allegations contained in paragraph 80 are denied for lack of information sufficient to justify a belief therein and strict proof thereof is required.

81.

The allegations of paragraph 81 of the complaint do not require a response from the Gretna Defendants. To the extent a response is deemed required, the allegations are denied and all prior answers, denials, and affirmative defenses set forth above are specifically incorporated herein.

82.

The allegations of paragraph 82 of the complaint do not require a response from the Gretna Defendants. To the extent a response is deemed required, the text of 42 U.S.C. § 1983 is best evidence of it terms and contents.

83.

The allegations of paragraph 83 are denied. It is specifically denied that any of the Gretna Defendants employed excessive or unreasonable force at any time. If is further expressly denied that any Gretna Defendant unreasonably or otherwise unlawfully seized the plaintiff in violation of his Fourth Amendment rights. At all

times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

84.

The allegations contained in paragraph 84 are denied as written and denied as requiring a legal conclusion.  Further answering, it is specifically denied that any of the Gretna Defendants employed excessive or unreasonable force at any time.  At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

85.

The allegations contained in paragraph 85 are denied as written and denied as requiring a legal conclusion.  Further answering, it is specifically denied that any of the Gretna Defendants employed excessive or unreasonable force at any time.  At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

86.

The allegations of paragraph 86 of the complaint  do not require a response from the Gretna Defendants.  To the extent a response is deemed required, the allegations are denied and all prior answers, denials, and affirmative defenses set forth above are specifically incorporated herein.

87.

The allegations of paragraph 87 are denied.  It is specifically denied that any of the Gretna Defendants "attacked" the plaintiff, or that the Gretna Defendants used force against the plaintiff "without legal justification".  The plaintiff resisted and battered one or more officers.  At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions, including but not limited to article 220 of the Louisiana Code of Criminal Procedure.

88.

The allegations of paragraph 88 are denied. At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions, including but not limited to article 220 of the Louisiana Code of Criminal Procedure.

89.

The allegations contained in paragraph are denied.

90.

The allegations of paragraph 90 of the complaint  do not require a response from the Gretna Defendants.  To the extent a response is deemed required, the allegations are denied and all prior answers, denials, and affirmative defenses set forth above are specifically incorporated herein.

91.

The allegations contained in paragraph 91 are denied as written and are denied as requiring a legal conclusion.

92.

The allegations of paragraph 92 are denied.  It is specifically denied that any of the Gretna Defendants "brutally attacked" the plaintiff in any manner or fashion at any time.   At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions, including but not limited to article 220 of the Louisiana Code of Criminal Procedure.

93.

The allegations contained in paragraph 93 are denied and strict proof thereof is required.

94.

The allegations of paragraph 94 of the complaint  do not require a response from the Gretna Defendants.  To the extent a response is deemed required, the allegations are denied and all prior answers, denials, and affirmative defenses set forth above are specifically incorporated herein.

95.

The allegations contained in paragraph 95 are denied.

96.

The allegations contained in paragraph 96 are admitted to the extent that at all pertinent times the Gretna Defendants were acting in their official capacities as Gretna Police Officers.  At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

97.

The allegations contained in paragraph 97 are denied and strict proof thereof is required.  The allegations are further denied as requiring a legal conclusion.  Further answering, it is specifically denied that any of the Gretna Defendants deprived the plaintiff or and/or violated any of the plaintiff's constitutional rights.  At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

98.

The allegations contained in paragraph 98 are denied and strict proof thereof is required.  The allegations are further denied as requiring a legal conclusion.  At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

99.

The allegations contained in paragraph 99 are denied and strict proof thereof is

required.  The allegations are further denied as requiring a legal conclusion.  At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

100.

The allegations contained in paragraph 100 are denied and strict proof thereof is required.  The allegations are further denied as requiring a legal conclusion.  At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

101.

The allegations of paragraph 101 of the complaint  do not require a response from the Gretna Defendants.  To the extent a response is deemed required, the allegations are denied and all prior answers, denials, and affirmative defenses set forth above are specifically incorporated herein.

102.

The allegations contained in paragraph 102 are admitted.  At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

103.

The allegations contained in paragraph 103 are denied as requiring a legal conclusion.

104.

The allegations of paragraph 104 of the complaint do not require a response from the Gretna Defendants. To the extent a response is deemed required, the allegations are denied and all prior answers, denials, and affirmative defenses set forth above are specifically incorporated herein.

105.

The allegations contained in paragraph 105 are denied and strict proof thereof is required. The allegations are further denied as requiring a legal conclusion. It is specifically denied that any of the Gretna Defendants engaged or otherwise participated in any conspiracy, or employed excessive or unreasonable force against the plaintiff at any time. At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

106.

The allegations contained in paragraph 106 are denied and strict proof thereof is required. The allegations are further denied as requiring a legal conclusion. It is specifically denied that any of the Gretna Defendants engaged or otherwise participated in any conspiracy, employed excessive or unreasonable force against the plaintiff at any time. At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana

Constitutions.

## 107.

The allegations contained in paragraph 107 are denied and strict proof thereof is required.   It is specifically denied that any of the actions by the Gretna Defendants were executed with racial animus against the plaintiff.  At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

## 108.

The allegations contained in paragraph 108 are denied.

## 109.

The allegations contained in paragraph 109 are denied as requiring a legal conclusion.

## 110.

Although no response is required, all allegations contained in each and every Prayer for Relief contained in the complaint are denied.  At all times, the defendants acted objectively reasonably, properly, and in accordance with applicable state and federal laws, and the U.S. and Louisiana Constitutions.

## 111.

Defendants request a trial by jury as to all issues.

WHEREFORE, the defendants pray that:

(A)     this answer be deemed good and sufficient and after due delay and proceedings had, there be judgment herein in favor of defendants, CHRISTOPHER BREAUX, KAYLA ENGLISH, TIMOTHY KENNEDY, ROLAND KINDELL, AND ARTHUR LAWSON, and against the plaintiff, dismissing his suit at his costs;

(B)     after due delays and proceedings had, there be further judgment herein in favor of the defendants, CHRISTOPHER BREAUX, KAYLA ENGLISH, TIMOTHY KENNEDY, ROLAND KINDELL, AND ARTHUR LAWSON, and against the plaintiff, awarding all attorneys and fees and costs in defending this frivolous lawsuit as provided by Title 42 U.S.C. § 1988;

(C)     all issues herein be determined by a trial by jury;

(D)     for all general and equitable relief.

Respectfully submitted,

/s/ Leonard L. Levenson

LEONARD L. LEVENSON, T.A. (#8675)
CHRISTIAN W. HELMKE (#29594)
DONNA R. BARRIOS (#32093)
650 Poydras Street, Suite 2750
New Orleans, LA 70130
Telephone:  (504) 586-0066
Facsimile:   (504) 586-0079
E-mail:       lenlawyer@aol.com
                  cwhelmke@gmail.com
                  dbarrios@bellsouth.net
ATTORNEYS FOR DEFENDANTS,
CHRISTOPHER BREAUX, KAYLA ENGLISH,
TIMOTHY KENNEDY, ROLAND KINDELL,
AND ARTHUR LAWSON

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY THAT ON THIS 20TH DAY OF JULY, 2021, I ELECTRONICALLY FILED THE FOREGOING PLEADING WITH THE

CLERK OF COURT USING THE CM/ECF SYSTEM WHICH WILL AUTOMATICALLY SERVE NOTICE OF THE ELECTRONIC FILING

TO ALL COUNSEL OF RECORD.  I FURTHER CERTIFY THAT I MAILED THE FOREGOING PLEADING AND NOTICE OF ELECTRONIC

FILING BY U.S. MAILS, FIRST CLASS, POSTAGE PREPAID AND PROPERLY ADDRESSED TO THE FOLLOWING NON-CM/ECF

PARTICIPANTS: _____N/A_____.

<u>/S/ LEONARD L. LEVENSON</u>