UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN BEAUREGARD | CIVIL ACTION |
| VERSUS | NO. 21-868 |
| CHRISTOPHER BREAUX; KAYLA ENGLISH; TIMOTHY KENNEDY; ROLAND KINDELL; ARTHUR LAWSON; and JOHN DOE OFFICERS OF THE GRETNA POLICE DEPARTMENT | SECTION M (2) |

## ORDER & REASONS

Before the Court is a motion by defendants Christopher Breaux, Kayla English, Timothy Kennedy, Roland Kindell, and Arthur Lawson (collectively, "GPD Defendants"[1]) to stay this § 1983 action until the state criminal charges pending against plaintiff Kevin Beauregard ("Beauregard") are resolved.[2] The GPD Defendants argue that the parallel civil and criminal cases, which they say arise from the same incident, significantly overlap and that proceeding with the civil action at this time could undermine or invalidate the pending criminal prosecution.[3] Further, because there are criminal charges pending against him, Beauregard has indicated that, at this time, he will not waive his Fifth Amendment right against self-incrimination and so will not fully participate in civil discovery.[4] Thus, say the GPD Defendants, they would be unduly prejudiced if they have to defend themselves against Beauregard's civil claims while not being able to conduct complete and meaningful discovery.[5]

---

[1] As used here, "GPD" stands for Gretna Police Department.
[2] R. Doc. 30.
[3] *Id.* at 2-3.
[4] R. Docs. 30 at 3; 32 at 9.
[5] R. Doc. 30-1 at 6.

In opposition, Beauregard argues that this action should not be stayed because the GPD Defendants have failed to meet their burden of showing that a stay is warranted.[6] Beauregard argues that discovery in this civil action is inevitable so there is no reason to delay it and that a stay would significantly prejudice him because a delay will likely lead to a loss of evidence.[7]

The GPD Defendants reiterate in reply that regardless of the inevitability of discovery, Beauregard's lack of participation in discovery will prejudice their ability to fully defend themselves in the civil action.[8] Additionally, the GPD Defendants argue that loss of discovery is not likely because discovery is currently being conducted in the criminal proceeding and all named defendants herein are expected to testify in that case.[9]

Having considered the parties' memoranda, the record, and the applicable law, the Court concludes that staying the case is appropriate. A district court has wide discretion to stay proceedings before it "in control of its docket and in the interests of justice." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) (quoting *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982)). Further, as another section of this Court has specifically observed, "[w]here an arrestee brings a civil rights lawsuit challenging the validity of the conduct of state actors relating to his arrest, courts 'may – and indeed should – stay proceedings in section 1983 cases until the pending criminal case has run its course.'" *Jason v. Leblanc*, 2020 WL 5877882, at *2 (E.D. La. Oct. 2, 2020) (quoting *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)) (alterations omitted). In deciding whether to stay a civil action pending resolution of a criminal case, courts in the Fifth Circuit generally examine: (1) the extent of the overlap between the criminal and civil cases; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the plaintiff's

---

[6] R. Doc. 32 at 1.
[7] *Id.* at 4, 7.
[8] R. Doc. 35 at 2-3.
[9] *Id.* at 5.

interest in proceeding expeditiously, weighed against the prejudice to the plaintiff created by a delay; (4) the interest of and burden on the defendants; (5) the interest of the court; and (6) the public interest. *Id.*

Here, these factors favor staying the civil case pending resolution of the criminal proceeding. As Beauregard concedes,[10] there are at least factual disputes concerning the underlying operative facts, the applicability of *Heck v. Humphrey*,[11] and hence any overlap between the cases. Beauregard has been charged in the criminal case by bill of information and the case was set for jury trial in September 2021 before being upset by Hurricane Ida. In light of this, it does not appear that any delay of Beauregard's civil action resulting from a stay will last long enough to give rise to any prejudice. On the other hand, Beauregard seeks to proceed with his civil action while not fully participating in discovery, which would undoubtedly prejudice the GPD Defendants. The Fifth Circuit has stated that "[t]he plaintiff who retreats under the cloak of the Fifth Amendment cannot hope to gain an unequal advantage against the party he has chosen to sue. To hold otherwise would, in terms of the customary metaphor, enable plaintiff to use his Fifth Amendment shield as a sword. This he cannot do." *Wehling v. Columbia Broad. Sys.*, 608 F.2d 1084, 1087 (5th Cir. 1979) (citing *Lyons v. Johnson*, 415 F.2d 540, 542 (9th Cir. 1969)). A defendant "should not be required to defend against a party who refuses to reveal the very information which might absolve defendant of all liability." *Id.* at 1088. Additionally, Beauregard should not be permitted to avail himself of discovery in his civil case to circumvent the limitations on discovery in his pending criminal case. *See Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) (Wisdom, J.) ("A litigant should not be allowed to make use of the liberal discovery

---

[10] R. Doc. 32 at 1.
[11] 512 U.S. 477 (1994) (barring a claim under § 1983 for damages for harm caused by actions whose unlawfulness would render a conviction invalid unless the defendant can prove that the conviction in some way has already been reversed or invalidated).

procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit."), *cited in In re Grand Jury Subpoena*, 866 F.3d 231, 234-35 (5th Cir. 2017) (upholding stay of state civil proceeding pending federal criminal investigation).  Thus, the interests of both the court and the public in the fairness of this proceeding are advanced by a stay of limited duration.

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Defendants' motion to stay (R. Doc. 30) is GRANTED.  This case is stayed for a period of 60 days.  The parties must file status reports regarding the criminal proceeding 30 days after the date of this order.  Either party may seek an extension of the stay prior to its expiration on a showing of good cause.  Either party may move to lift the stay if the criminal case is resolved before the 60 days expires.

New Orleans, Louisiana, this 14th day of October, 2021.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE